**LAW OFFICE OF CHERYL K. COPPERSTONE, P.C.**
**252 West Ina Road, Suite 203**
**Tucson, AZ 85704**
**(520) 628-8888**

**CHERYL K. COPPERSTONE**
**Bar No. 015009**
**CALEB N. BROWN**
**Bar No. 25293**
Attorney for Debtor


## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re the Matter of: | **Case No. 4:09-bk-13437-JMM** |
| **SCOTT DAVIS** | **Chapter 13** |
| **KARRI DAVIS** | |
| **Debtor.** | |
| **SCOTT DAVIS AND KARRI DAVIS AND DIANNE C. KERNS, CHAPTER 13 TRUSTEE,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **COUNTRYWIDE HOME LOANS, INC,** <br> **an Arizona Corporation** <br> **Defendant** | **Adv Proceeding No: 4:09-ap-00805-JMM** <br><br> **Complaint of the Debtors Pursuant to 11 U.S.C. Section 506(a) and Bankruptcy Rule 3012 to Determine the Value of Security and Creditor's Allowed Secured Claim** |

Introduction

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtors and determine the amount of the allowed secured claim of the Defendant.

Jurisdiction

1. The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters

arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.      The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

## The Base Case and Parties

3.      The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on June 1, 2009.

4.      An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition.  This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5.      The 341(a) meeting of creditors is set to be held on July 29, 2009 in Tucson, Arizona.

6.      Debtors have proposed a plan of reorganization ("Plan").

7.      The Defendants are, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Arizona, and which maintains a principal place of business in some state other than the State of Arizona.

## Factual Allegations

8.      In the schedules filed in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of Countrywide Home Loans, Inc (hereinafter "Countrywide") for the second deed of trust on the residential real estate of the debtors.  The debtors believed and therefore alleged in their petition and schedules that there was no equity in their residential real estate to which the second mortgage could secure at the time that the loan was made and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the plan.

9.      The Plaintiffs allege that at the time they filed their bankruptcy petition and at the present time the value of their interest in the said residential real estate was and is approximately $195,000.00

10.     The house has been appraised, and found to have a value of $195,000.00

11.     The Plaintiffs' interest in the real estate is subject to a first lien arising out of a mortgage Deed of Trust in favor of Countrywide Home Loans, INC ("Countrywide") in the amount of $248,000.00.

12.     The Plaintiffs' interest in their residential real estate is subject to a second lien

arising out of a Deed of Trust in favor of Countrywide in the amount of $30,508.00

13.     The lien securing the second mortgage of Countrywide is junior to the first lien listed above as owing to Countrywide.

14.     The Plaintiffs allege that there is no equity in their home above the first Countrywide Loan and therefore the Defendant has no secured interest for the loan secured by the second deed of trust on the subject real estate.

15.     Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

16.     Any timely filed claim of the Defendants for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

WHEREFORE, the Plaintiffs respectfully request the Court as follows:

A.     That this Court determine that the Defendant has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtors;

B.     That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C.     That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D.     That the attorney for the Debtor Plaintiffs be awarded reasonable legal fees;

E.     That the Plaintiffs have such other and further relief as to the Court may seem just and proper.

Dated this 20th day of July, 2009.


/s/_____
Cheryl K. Copperstone
Law Offices of Cheryl K. Copperstone, P.C.
Attorney for the Plaintiffs